**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| PRESQRIBER, LLC, | ) | CASE NO.: 6:14-cv-00445-KNM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| COMPUTER PROGRAMS AND SYSTEMS, INC., | ) ) | Magistrate Judge K. Nicole Mitchell |
| | ) | |
| Defendant. | ) ) | |

**ANSWER AND COUNTERCLAIMS OF COMPUTER PROGRAMS AND SYSTEMS, INC'S TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Computer Programs and Systems, Inc. ("CPSI"), by and through its attorneys of record, hereby responds to the complaint for alleged patent infringement of United States Patent No. 5,758,095 (the "'095 patent") by Plaintiff Presqriber, LLC ("Presqriber"), as follows:

**PARTIES AND JURISDICTION**

1.   CPSI admits Presqriber's complaint for patent infringement purports to state a claim under the patent laws of the United States, Title 35 of the United States Code, although CPSI denies that an act of infringement has occurred, or that Presqriber is entitled to any relief or damages.

2.   CPSI admits the allegations in Paragraph 2.

3.   CPSI states that Paragraph 3 does not contain any allegations directed to CPSI and therefore requires no answer from CPSI. To the extent Paragraph 3 is deemed to require a response, CPSI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 3 of the Complaint, and on that basis CPSI denies those allegations.

4. CPSI admits that it is a Delaware corporation with its principal office located at 6600 Wall St., Mobile, AL 36695. CPSI denies that it has committed, or continues to commit, acts of infringement in the State of Texas or any other jurisdiction.

5. CPSI denies that its Electronic Health Record ("EHR") systems infringe the asserted patent. CPSI further denies that its EHR was made in the Eastern District of Texas.

## VENUE

6. CPSI denies that venue is proper in this district because CPSI is neither incorporated in Texas nor has its principal place of business in Texas. Further, CPSI denies that an act of infringement has occurred in this district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,758,095)

7. No response is required from CPSI with respect to Paragraph 7 because it does not contain allegations.

8. CPSI admits the allegations in Paragraph 8.

9. CPSI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of the Complaint, and on that basis CPSI denies those allegations.

10. CPSI admits the allegations in Paragraph 10.

11. CPSI denies the allegations in Paragraph 11.

12. CPSI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of the Complaint, and on that basis CPSI denies those allegations.

## (Direct Infringement)

13. CPSI denies the allegations in Paragraph 13.

### (Indirect Infringement – Inducement)

14. CPSI denies the allegations in Paragraph 14.

15. CPSI admits that it has had knowledge of the '095 patent as of the time of service of the complaint in this action.

16. CPSI denies the allegations in Paragraph 16.

17. CPSI denies the allegations in Paragraph 17.

18. CPSI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 18 of the Complaint, and on that basis CPSI denies those allegations.

### (Additional Allegations Related to Count One)

19. CPSI denies the allegations in Paragraph 19.

20. CPSI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 20 of the Complaint, and on that basis CPSI denies those allegations.

### CPSI'S DEMAND FOR JURY TRIAL

21. CPSI hereby demands a trial by jury on all issues so triable

### PRAYER FOR RELIEF

22. CPSI denies that Presqriber is entitled to any damages or other relief whatsoever.

### CPSI'S AFFIRMATIVE DEFENSES

23. CPSI asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof as to any of them.

#### First Affirmative Defense

24. Presqriber fails to state a claim against CPSI upon which relief can be granted.

### Second Affirmative Defense

25. Presqriber is not entitled to any relief against CPSI because CPSI is not infringing, and has not infringed, directly, jointly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '095 patent.

### Third Affirmative Defense

26. The patent and the claims of the '095 patent is invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Affirmative Defense

27. Some or all of Presqriber's claims for damages are barred because Presqriber failed to mark or give notice of infringement as required by 35 U.S.C. § 287(a).

### Fifth Affirmative Defense

28. Upon information and belief, the doctrines of waiver, misuse, estoppel, and/or unclean hands bar the enforceability of the '095 patent and/or limits Presqriber's claims for damages.

### Sixth Affirmative Defense

29. Presqriber is estopped under the doctrine of prosecution history estoppel and/or prosecution history disclaimer from construing any valid claim of the '095 patent to cover or include, either literally or by application of the doctrine of equivalents, any product made, used, imported, sold or offered for sale by CPSI because of admissions and/or statements made to the United States Patent and Trademark Office in the specification of and during prosecution of the application leading to the issuance of the '095 patent.

### Seventh Affirmative Defense

30. The relief sought by Presqriber is barred in whole or in part by the doctrine of implied license.

### Eighth Affirmative Defense

31. The relief sought by Presqriber is barred in whole or in part by the doctrine of acquiescence.

### Ninth Affirmative Defense

32. Presqriber is barred by the doctrine of laches from seeking any relief in this action, and, at a minimum, Presqriber is barred from seeking any damages for any conduct prior to the filing of this action.

### Tenth Affirmative Defense

33. Presqriber's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

### Eleventh Affirmative Defense

34. On information and belief, Presqriber is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

### Twelfth Affirmative Defense

35. CPSI reserves the right to assert any other defenses discovery may reveal.

### **COUNTERCLAIMS**

For its Counterclaims against Presqriber, CPSI alleges as follows and hereby demands a jury trial on all issues so triable:

**First Counterclaim**

(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

36. CPSI incorporates and realleges Paragraphs 1 through 35 of its Answer and each of its Affirmative Defenses.

37. By its Complaint, Presqriber asserts that CPSI has infringed United States Patent No. 5,758,095 ("the '095 patent").

38. CPSI has denied Presqriber's claim of infringement of the '095 patent, and contends that it does not infringe the '095 patent, or any valid or enforceable asserted claim thereof.

39. An actual and justiciable controversy has thus arisen between Presqriber and CPSI concerning the alleged infringement of the '095 patent.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., CPSI is entitled to judgment from this Court finding that the '095 patent is not infringed, directly or indirectly, by CPSI.

41. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Second Counterclaim**

(DECLARATORY JUDGMENT OF INVALIDITY)

42. CPSI incorporates and realleges Paragraphs 1 through 41 of its Answer, Affirmative Defenses and Counterclaims.

43. By its Complaint, Presqriber asserts that the '095 patent is valid. CPSI has denied this allegation and contends that the '095 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

44. An actual and justiciable controversy has thus arisen between Presqriber and CPSI concerning the validity of the '095 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., CPSI is entitled to judgment from this Court finding that the '095 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

46. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## DEMAND FOR JURY TRIAL

47. CPSI demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

48. Wherefore, CPSI requests that the Court enter judgment for CPSI, and award it the following relief:

1. Dismiss Presqriber's Complaint with prejudice and find that Presqriber takes nothing by its claims against CPSI;

2. Enter judgment in favor of CPSI, and against Presqriber, on the Complaint;

3. Declare that CPSI has not infringed the '095 patent or any valid asserted claim therein;

4. Declare that the claims of the '095 patent are invalid;

5. Enjoin Presqriber, its assigns, and all those in privity therewith from asserting the '095 patent against CPSI or any of its customers or suppliers; and

  6. Grant CPSI such other and further relief as the Court deems appropriate and just under the circumstances.

  7.

Dated: July 7, 2014        By:   /s/ *James W. Hill*
                James Hill (CA Bar No. 200920)
                Lead Attorney
                jhill@mwe.com
                Daniel R. Foster (CA Bar No. 179753)
                dfoster @mwe.com
                Gregory D. Yoder (CA Bar No. 274702)
                gyoder@mwe.com
                McDERMOTT WILL & EMERY LLP
                4 Park Plaza, Suite 1700
                Irvine, CA 92614-2559
                TEL: 949-851-0633
                FAX: 949-851-9348

                **Attorneys for Defendant**
                **Computer Programs and Systems, Inc.**

- 9 -

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2014. Any other counsel of record will be served by first-class U.S. mail on this same date.

    /s/ *James W. Hill*

DM_US 53228210-1.066649.0014